UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cr-00224-JPH-TAB |
| ) | |
| LAWRENCE CHUKWUMA ONYESONWU, ) | -01 |
| MARTINS TOCHUKWU CHIDIOBI, ) | -02 |
| ) | |
| Defendants. ) | |

**ORDER**

Defendants, Lawrence Onyesonwu and Martins Chidiobi, have filed a motion to dismiss the superseding indictment under Federal Rule of Criminal Procedure 12(b)(3). For the reasons that follow, that motion is **DENIED.** Dkt. [139].

## I.     Facts and Background

Defendants were indicted in June 2019, with Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. §§ 1344 and 1349, and one count each of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A. Dkt. 18. In August 2022, the Court scheduled a jury trial to commence on February 6, 2023.[1]   On December 20, 2022, a superseding indictment was filed. Counts 1 and 3 charge each Defendant with one count of Making a False Statement in violation of 18 U.S.C. § 1014. Dkt. 85.

---

[1] The trial date was continued 7 times on motion of Defendants, (dkts. 41, 49, 55, 57, 60, 62, 81); once by the Court due to COVID-19 (dkt. 59); and once by the government (dkt. 67).

1

Count 1:

> On or about December 12, 2018, in Lewisville, Indiana, within the Southern District of Indiana, LAWRENCE CHUKWUMA ONYESONWU, the Defendant herein, knowingly made a false statement for the purpose of influencing in any way the action of Citizens State Bank of New Castle, Indiana, whose deposits were then insured by the Federal Deposit Insurance Corporation, in connection with an application to open a checking account in the name of J.W.

Dkt. 85 at 2.

Count 3:

> On or about October 25, 2018, in Connersville, Indiana, within the Southern District of Indiana, MARTINS TOCHUKWU CHIDIOBI, the Defendant herein, knowingly made a false statement for the purpose of influencing in any way the action of First Merchants Bank, whose deposits were then insured by the Federal Deposit Insurance Corporation, in connection with an application to open a checking account in the name of V.N.

*Id.* at 3.

Counts 2 and 4 charge each Defendant with one count of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A.[2] In contrast to the original indictment, the superseding indictment does not have a conspiracy charge. *Id.*

---

[2] Counts 2 and 4 allege that Defendants committed aggravated identity theft "during and in relation to" the felony conduct alleged in Counts 1 and 3. *Id.* at 2–3. Thus, the government's ability to prove the false statement charges is essential to its ability to prove the identity theft charges.

The final pretrial conference was held on January 5, 2023.  Dkt. 82; dkt. 160.  Also on January 5, Defendants were arraigned on the superseding indictment.  Dkts. 130, 131.

On January 12, Defendants filed a motion for leave to file a motion to dismiss the superseding indictment, dkt. 138, along with a motion to dismiss the superseding indictment, dkt. 139.  The government opposes both motions.  Dkt. 142.  Because the motion to dismiss was filed before trial and within a reasonable time after the basis for the motion became "reasonably available", Defendants' motion for leave to file is **GRANTED**.  Dkt. [138]; Fed. R. Crim. P. 12(b)(3).  The Court will consider Defendants' motion to dismiss the superseding indictment on the merits.

## II. Applicable Law

"The Fifth Amendment guarantee of the right to indictment by a grand jury, its protection against double jeopardy, and the Sixth Amendment guarantee that a defendant be informed of the nature of the charges against him establish the minimum requirements for an indictment."  *United States v. Fassnacht*, 332 F.3d 440, 444 (7th Cir. 2003).  To that end, Federal Rule of Criminal Procedure 7 requires that an indictment must cite the statute allegedly violated and "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government."  Fed. R. Crim. P. (7)(c)(1).  Rule 12 provides that, before trial, a defendant may challenge the sufficiency of an indictment in

several ways, including by arguing that the indictment lacks specificity, Rule 12(b)(3)(B)(iii), or that it fails to state an offense, Rule 12(b)(3)(B)(v).

### III. Analysis

Defendants argue that the superseding indictment is insufficient and must be dismissed because, with respect to Counts 1 and 3, it fails to allege the specific "false statement allegedly made." Dkt. 140 at 2. The government responds that the superseding indictment is sufficient because it alleges the specific date of the alleged false statement, to whom it was made, the action defendants intended to influence, and the nature of the false statement—Defendants falsely identified themselves respectively as "J.W." and "V.N." Dkt. 142 at 6. The evidence that the government intends to produce at trial is therefore, for each Defendant, "proof of one false statement – the identity of the account holder." *Id.*

"Section 1014 is a simple statute. It reads: "Whoever knowingly makes any false statement … for the purpose of influencing in any way the action of [any of a long list of entities, including federally insured lenders] shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both." *United States v. Phillips*, 731 F.3d 649, 657 (7th Cir. 2013) (Easterbrook, J. dissenting). "There are just three elements: (1) knowingly making a false statement; (2) to one of the listed entities; (3) for the purpose of influencing that entity." *Id.; see also United States v. Swanquist,* 161 F.3d 1064, 1076 (7th Cir. 1998).

4

Thus, an indictment charging a violation of Section 1014, as with any other criminal statute, is sufficient if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Moore*, 446 F.3d 671, 676–77 (7th Cir. 2006) (quoting *United States v. Webster*, 125 F.3d 1024, 1029 (7th Cir.1997)); Fed. R. Crim. P. 7(c). "[T]he sufficiency of an indictment is to be reviewed practically, with a view to the indictment in its entirety, rather than in any 'hypertechnical manner.'" *Fassnacht*, 332 F.3d at 445. "An indictment which includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test." *Id.* at 446.

For example, in *Fassnacht*, the defendants were charged with obstructing justice with respect to a grand jury investigation into their alleged tax evasion. 332 F.3d at 444. The Seventh Circuit rejected defendants' argument that the indictment was insufficient because it "failed to identify specific acts that were directed at obstructing the grand jury investigation." *Id.* at 445. Instead, the Court found that, by referencing "the existence of the grand jury investigation" and "the defendants' continuing reliance on their fictitious explanation for their treatment of the incentive fee in an attempt to cover up their perceived wrongdoing, the factual averments" included in the indictment as a whole "provided sufficient guidance for Fassnacht and Malanga to determine the

5

conduct for which they were being charged." *Id.* at 446. In short, the Seventh Circuit concluded, the defendants "ask[ed] too much from the indictment." *Id.* at 445.

Here, the superseding indictment includes each essential element of the Section 1014 charges. It specifies the date and location of the charged events—December 12, 2018, at Citizens Bank of New Castle for Defendant Onyesonwu and October 25, 2018, at First Merchants Bank in Connorsville for Defendant Chidiobi. Dkt. 85 at 2–3. It alleges that the identities of "J.W." and "V.N." belonged to inmates housed at New Castle Correctional Facility. *Id.* at 1 ("General Allegations"). And it alleges that Defendants knowingly made a false statement for the purpose of influencing each bank to open an account in the identities of "J.W." (Onyesonwu) and "V.N." (Chidiobi). *Id.* at 2–3.

Like in *Fassnacht*, Defendants here "ask too much of the indictment." 332 F.3d at 446. Reading the indictment "in its entirety" and not in a "hypertechnical manner", *id.*, Counts 1 and 3 each allege that the respective Defendant violated Section 1014 by falsely identifying himself in connection with attempting to open a bank account in another person's name.

*Russell v. United States*, 369 U.S. 749 (1962), the principal authority cited by Defendants in support of their motion, is not controlling here. In *Russell*, the indictments alleging violations of 2 U.S.C. § 192 included no factual information, but only asserted that "the questions to which answers were refused 'were pertinent to the question then under inquiry' by the subcommittee." *Id.* at 752. Closely analyzing the statute's history and

6

purpose, the Supreme Court found that because the content of the subject under inquiry was so critical to criminal liability, "an indictment must do more than simply repeat the language of the criminal statute." *Id.* at 764; *see also United States v. Resendiz-Ponce*, 549 U.S. 102, 108–110 (2007) (recognizing that *Russell* was closely tied to the specific statute at issue and its congressional history).

Here, the superseding indictment does not "simply repeat the language of the criminal statute", *Russell*, 369 U.S. at 764; it describes the date of each respective alleged false statement, to whom it was made, and its purpose—to open an account under the identity of another. Dkt. 85 at 1–3. Thus, the superseding indictment includes "enough factual information to enable the defendants to identify the conduct on which the government intends to base its case," *Fassnacht*, 332 F.3d at 446, and "enables [them] to plead an acquittal or conviction in bar of future prosecutions for the same offense," *Moore*, 446 F.3d at 676–77. The remaining cases cited by Defendants do not alter this outcome.

Because the superseding indictment is constitutionally sufficient, the motion to dismiss the superseding indictment is **DENIED**.[3]

---

[3] Because Defendants have not moved for a bill of particulars, see dkt. 148 at 3–4, the Court does not consider whether a bill of particulars would resolve the issue. *See Fassnacht*, 332 F.3d at 447, n.2 (a bill of particulars need not be ordered "when information necessary for a defendant's defense can be obtained through 'some other satisfactory form'"—such as by pretrial discovery.)

7

## IV. Conclusion

Defendants' motion for leave to file the motion to dismiss is **GRANTED,** dkt. [138], and their motion to dismiss the superseding indictment is **DENIED.** Dkt. [139].

Jury trial shall proceed as scheduled on February 7, 2023.

**SO ORDERED.**

Date: 2/1/2023

Distribution:

All electronically registered counsel.

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana